# Exhibit C

# Defendant's Responses to Requests for Admissions

*In the United States District Court*
*for the Northern District of Illinois*
*Eastern Division*

| | |
|---|---|
| Marcus Morgan, | |
| plaintiff, | **#10 C 0474** |
| – v – | Judge Lindberg |
| SVT, LLC, an Indiana limited liability company, d/b/a Strack & Van Til and Strack and Van Til Super Market, Inc., an Indiana corporation, | Magistrate Judge Brown |
| | **Jury trial demanded** |
| defendants. | |

---

**Defendants Answers to Plaintiff's**
**Requests for Admissions**

---

COMES NOW, Defendant, SVT, LLC, by and through counsel, Richard P. Long of Rubino, Ruman, Crosmer, Smith, Sersic & Polen, and for its Answers to Plaintiff's Requests for Admissions, states as follows:

## Requests for Admissions

1.        Each of the following documents attached as an Exhibit to the Complaint in this case is a true copy of a genuine original (except for possible redaction of information pursuant to the electronic-filing rules and possible changes in color, size, or double-sided printing):

| Exhibit | Description |
|---|---|
| A | Defendant's position statement to EEOC |
| B | Charge of Discrimination #440-2008-07682 |
| C | Notice of Right to Sue for Charge #440-2008-07682 |
| D | Envelope for Notice of Right to Sue for Charge #440-2008-07682 |

**RESPONSE:**

      A.     **Admit.**
      B.     **Admit.**
      C.     **Admit.**
      D.     **Admit.**

2.        Each of the following documents being produced with these Requests for Admissions is a true copy of a genuine original (except for possible changes in color, size, or double-sided printing):

| Doc. # | Description |
|---|---|
| Pltf. 01 | Handwritten statement by Mr. Morgan |
| Pltf. 02 | 5/17/07 document headed "Loss Prevention" |
| Pltf. 03 | 9/24/07 Employee Corrective Action Notice |
| Pltf. 04 | 10/9/07 Employee Corrective Action Notice re alleged tardiness and alleged failure to follow instructions |
| Pltf. 05 | 10/9/07 Employee Corrective Action Notice re alleged low quality of work |
| Pltf. 06 | 10/24/07 Employee Corrective Action Notice re alleged poor quality of work |
| Pltf. 07-08 | 10/24/07 Employee Termination Form for Mr. Morgan. |

**RESPONSE:**

| | |
|---|---|
| **Doc. # 01** | **Admit.** |
| **Doc. #02** | **Admit.** |
| **Doc. #03** | **Admit.** |
| **Doc. #04** | **Admit.** |
| **Doc. #05** | **Admit.** |
| **Doc. #06** | **Admit.** |
| **Doc. # 07-08** | **Admit.** |

3.       The handwritten statement by Mr. Morgan (attached to these Requests for Admissions as Pltf. 01) was attached to defendant's position statement to the EEOC (Exhibit A to the Complaint).

**RESPONSE:       Admit.**

4.       The 5/17/07 document headed "Loss Prevention" (attached to these Requests for Admissions as Pltf. 01) was signed by J.M. Mowery in the scope of his employment as one of defendant's managers.

**RESPONSE:       Admit.**

5.       The handwriting on the 9/24/07 Employee Corrective Action Notice (attached to these Requests for Admissions as Pltf. 03) was written on that document by one of defendant's agents or employees acting within the scope of his or her agency or employment.

**RESPONSE:       Admit.**

6.       The 10/9/07 Employee Corrective Action Notice re alleged tardiness and alleged failure to follow instructions (attached to these Requests for Admissions as Pltf. 04) was created by Raymond Gutierrez after the occurrence of the incident memorialized in the handwritten statement by Mr. Morgan (attached to these Requests for Admissions as Pltf. 01).

**RESPONSE:       Objection to form. Answering over objection, SVT admits that the paperwork was drafted after the occurrence referenced by Mr. Morgan in his hand written statement.**

7.       The 10/9/07 Employee Corrective Action Notice re alleged low quality of work (attached to these Requests for Admissions as Pltf. 05) was created by Raymond Gutierrez after the occurrence of the incident memorialized in the handwritten statement by Mr. Morgan (attached to these Requests for Admissions as Pltf. 01).

**RESPONSE:       Objection to form. Answering over objection, SVT admits that the paperwork was drafted after the occurrence referenced by Mr. Morgan in his hand written statement.**

8.       The reasons given for the termination of Mr. Morgan's employment in the 10/24/07 Employee Corrective Action Notice re alleged poor quality of work (attached to these Requests for Admissions as Pltf. 06) and in the 10/24/07 Employee Termination Form (attached to these Requests for Admissions as Pltf. 07-08) were defendant's only reasons for terminating Mr. Morgan's employment.

**RESPONSE:** **Objection to form. Answering over objection, SVT admits that Plaintiff was terminated for poor quality of work.**

9. The 10/24/07 Employee Corrective Action Notice re alleged poor quality of work (attached to these Requests for Admissions as Pltf. 06) was created by Raymond Gutierrez after the occurrence of the incident memorialized in the handwritten statement by Mr. Morgan (attached to these Requests for Admissions as Pltf. 01).

**RESPONSE:** **Objection to form. Answering over objection, SVT admits that the paperwork was drafted after the occurrence referenced by Mr. Morgan in his hand written statement.**

10. The 10/24/07 Employee Termination Form (attached to these Requests for Admissions as Pltf. 07-08) was created by Raymond Gutierrez after the occurrence of the incident memorialized in the handwritten statement by Mr. Morgan (attached to these Requests for Admissions as Pltf. 01).

**RESPONSE:** **Admit.**

11. Before the occurrence of the incident memorialized in the handwritten statement by Mr. Morgan (attached to these Requests for Admissions as Pltf. 01), Mr. Morgan was not given any written discipline for low quality of work or for poor quality of work or for lack of production or for lack of theft stops.

**RESPONSE:** **Defendant states that Mr. Morgan was given various written discipline notices but admits no written notices were given for low quality of work or for poor quality of work or for lack of production or for lack of theft stops.**

12. Before the occurrence of the incident memorialized in the handwritten statement by Mr. Morgan (attached to these Requests for Admissions as Pltf. 01), Mr. Morgan was not orally disciplined for low quality of work or for poor quality of work or for lack of production or for lack of theft stops.

**RESPONSE:** **Denied.**

13. Defendant employed at least 15 employees in each of twenty or more calendar weeks in 2006 or 2007.

**RESPONSE:** **Admit.**

14. Defendant employed at least 101 employees in each of twenty or more calendar weeks in 2006 or 2007.

-4-

15.      Defendant employed at least 201 employees in each of twenty or more calendar weeks in 2006 or 2007.

**RESPONSE:      Admit.**

16.      Defendant employed at least 500 employees in each of twenty or more calendar weeks in 2006 or 2007.

**RESPONSE:      Admit.**

Respectfully submitted,

SVT, LLC

By:_____
Richard P. Long
Attorney for Defendant

Rubino, Ruman, Crosmer, Smith
Sersic & Polen
275 Joliet Street, Suite 330
Dyer, IN  46311
Phone: 219-322-8222
Fax: 219-322-6675
Email: rlong@rubinoruman.com
Attorney No: 6210690

## CERTIFICATE OF SERVICE

I certify that on August 2?, 2010, a true and complete copy of the above and foregoing pleading or paper was made upon:

David L. Lee, Esq.
Law Offices of David L. Lee
53 West Jackson Boulevard
Suite 505
Chicago, IL  60604
Email: d-lee@davidleelaw.com

by depositing the same in the United States mail in envelopes property addressed to each of them with sufficient first-class postage affixed.